IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANTHONY GONZALES,         )<br>                          )<br>   Plaintiff,             )<br>                          )<br>   vs.                     )<br>                          )<br>JO ANNE B. BARNHART,      )<br>Commissioner of the       )<br>Social Security Administration, )<br>                          )<br>   Defendant.             ) | CASE NO. 7:05CV5025<br><br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on the Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment (Filing No. 8), submitted by the Defendant, Jo Anne B. Barnhart, Commissioner of the Social Security Administration, pursuant to Fed. R. Civ. P. 12(b)(6). The Plaintiff, Anthony Gonzales, opposes the motion (Filing No. 12), and both parties have submitted evidence in support of their positions (Filing Nos. 9, 12). Because evidence outside the pleadings will be considered, the motion will be addressed as a motion for summary judgment pursuant to Fed. R. Civ. P. 56, and, for the reasons stated below, will be denied

**STANDARD OF REVIEW**

Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Philip v. Ford Motor Co.*, 328 F.3d 1020, 1023 (8th Cir. 2003). The proponent of a motion for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes

demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The proponent need not, however, negate the opponent's claims or defenses. *Id*. at 324-25.

In response to the proponent's showing, the opponent's burden is to "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). A "genuine" issue of material fact is more than "some metaphysical doubt as to the material facts." *Id*. at 586.

## DISCUSSION

Both parties agree that the issue before the Court is whether the Plaintiff's Complaint was filed on or before November 7, 2005. If the Complaint was filed on or before November 7, 2005, then it was filed within sixty days of the Plaintiff's receipt of the final decision of the Commissioner, and the Plaintiff's appeal was timely pursuant to 42 U.S.C. § 405(g).[1] If the Complaint was filed after November 7, 2005, it was not timely.[2] See *Bowen v. City of New York*, 476 U.S. 467, 478-79 (1986)(sixty-day period is not jurisdictional, but constitutes a period of limitations that, as a condition on the waiver of sovereign immunity, must be strictly construed); *Hammonds v. Bowen*, 870 F.2d 446, 448

---

[1] 42 U.S.C. § 405(g) provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."

[2] There is no dispute regarding the date the Appeals Council of the Social Security Administration issued its notice denying the Plaintiff's request for review of the Administrative Law Judge's denial of the claim for disability insurance benefits and supplemental security income benefits (August 31, 2005), or the date the Plaintiff's representative received the notice (September 6, 2005). Nor is there any dispute that the first business day falling sixty days or more after the receipt of the notice was Monday, November 7, 2005.

(8th Cir. 1989)(exception to sixty-day requirement will not be made for claimant whose attorney fails to appeal within that time).

The Defendant refers to the Court's docket sheet, which indicates that the Complaint (Filing No. 1) was filed on November 8, 2005.  The Plaintiff's counsel presents his affidavit (Filing No. 12-1) stating that the "Complaint to the United States District Court was filed electronically from claimant's counsel's office on November 4, 2005 and was received in the clerk's office of the United States District Court on Monday, November 7, 2005."  (*Id.*, ¶ 1).  Attached to counsel's affidavit is an e-mail notification from the office of the Clerk of the United States District Court dated November 8, 2005, captioned "Notice of Electronic Filing," stating that the "following transaction **was filed on November 7, 2005** and received by the system on November 8, 2005 at 11:42 AM CST," and referring to the civil cover sheet for this action, including the case caption and number.  (*Id.*, Ex. A, emphasis added).

This Court's "Administrative Procedure for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means" ("Civil Admin. Proc.") for civil cases[3] provides:

> E-mailing a document to the Clerk's Office or to the assigned judge shall not constitute "filing" of the document.  A document shall not be considered filed for purposes of the Federal Rules of Civil Procedure until the filing party receives a System-generated "Notice of Electronic Filing" described in II(B)1 of these procedures.

Civil Admin. Proc., ¶ II(A)(2).

> If using e-mail, the filing party must submit the complaint, cover sheet, and summons forms in PDF.  Upon receipt of the e-mail, the Clerk's Office will contact the filing party for a credit card number for payment of the filing fee. New cases will not be filed until the filing fee has been paid.

*Id.*, ¶ II(A)(7)(a)(i) (footnote omitted).

---

[3] The Court's Administrative Procedures are accessible to counsel on the Court's website: www.ned.uscourts.gov.

At a minimum, the record before the Court reflects an ambiguity regarding the date on which the Complaint was formally filed. While ultimate responsibility for the timely filing of the Complaint – including the timely payment of the filing fee – rests with Plaintiff's counsel, there is some evidence before the Court from which it can be inferred that Plaintiff's counsel may have been misled by Court personnel regarding the date on which the Complaint was filed. Accordingly, although the Complaint was officially filed by the Clerk of this Court on the morning of November 8, 2005, a half-day of equitable tolling is warranted under the circumstances of this case. See *Turner v. Bowen*, 862 F.2d 708, 710 (8th Cir. 1988)(equitable tolling of the sixty-day limitations period is reserved for situations in which someone other than the claimant, such as a government official, acts in a misleading or clandestine way, hindering the claimant's attempt to exercise his or her rights).

## CONCLUSION

For the reasons discussed, the Defendant's motion will be denied.

IT IS ORDERED:

1. The Defendant's Motion to Dismiss (Filing No. 8), considered as a motion for summary judgment, is denied; and

2. The Defendant shall respond to the Plaintiff's Complaint within 20 days of the date of this Order.

DATED this 15th day of June, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge